People of the State of Illinois, Plaintiff-Defendant in Error, v. Thomas Campbell, Defendant-Plaintiff in Error.

Gen. No. 49,476.

First District, First Division.

May 11, 1964.

Rehearing denied July 17, 1964.

Burton H. Palmer and Matthew L. Moran, of Chicago, for plaintiff in error.

William G. Clark, Attorney General, of Springfield (Daniel P. Ward, State's Attorney, of Chicago, Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, Elmer C. Kissane and William J. Martin, Assistant State's Attorneys, of counsel), for defendant in error.

MR. JUSTICE BURMAN delivered the opinion of the court.

The defendant, Thomas Campbell, was found guilty after a bench trial of having unlawful possession of narcotic drugs and was sentenced to serve not less than five years nor more than fifteen years in the Illinois State Penitentiary. This writ of error filed by defendant to review his conviction was transferred by the Supreme Court to this court.

The defendant was arrested on September 12, 1960, at 707 East 37th Street by two inspectors of the State of Illinois Narcotics Division who had a search warrant for the premises. Upon searching the premises, the inspectors found approximately thirty-seven grams of a substance which was later found to be marijuana. The record as it relates to defendant's first ground for reversal begins with a preliminary hearing before the Municipal Court on the felony charge of unlawful possession of narcotics. After the Court indicated that the defendant would be held over to the Grand Jury the defendant changed his plea of not guilty to that of guilty to a misdemeanor charge of unlawful addiction to the use of narcotic drugs and the felony charge was nolle prossed. The defendant was then sentenced to serve one year in the County Jail which was to commence on October 5, 1960. Two weeks later the defendant moved to vacate the sentence and requested a new trial. The motion for a new trial was granted after the defendant had been in custody for 23 days and he was released on $500 bond. After several

270

continuances the felony complaint was reinstated in the Municipal Court on January 10, 1961, and the defendant retained his freedom by posting a $1,000 bond. After a ruling by the Court on January 26, 1961, that there was probable cause to hold the case over to the Grand Jury, the defendant was indicted on January 30, 1961, on the charge of unlawful possession of narcotics. On February 23, 1961, the defendant was arraigned in the Criminal Court of Cook County. He pleaded not guilty and the case was assigned to Judge Leslie Salter for trial. Thereafter followed numerous continuances which we shall have reference to later. On October 30, 1961, the defendant was tried without a jury, found guilty and sentenced.

■ Defendant first seeks to reverse the conviction on the ground that the State, by causing a nolle prosequi of the complaint for possession of narcotics in the Municipal Court, could not reinstate the same complaint some ninety days later, but should have filed a new complaint. The thrust of this argument is that for the reason stated the subsequent indictment following a holdover from the Municipal Court to the Grand Jury is void. Defendant's argument ignores the limited jurisdiction of the Municipal Court and the specific purpose for which the defendant was made to appear there. The Municipal Court of Chicago does not have jurisdiction over felony charges (c 37, §§ 357, 382, Ill Rev Stats 1961), but it has jurisdiction to hold preliminary hearings to determine whether there is probable cause to hold the matter over to the Grand Jury. The complaint in this situation is not an information nor is it an indictment or a condition precedent to an indictment. The accused is not placed in jeopardy at the preliminary hearing which is "neither required nor necessary." People v. Jones, 9 Ill2d 481, 138 NE2d 522. A discharge at a preliminary hearing has no effect upon and does not bar a subsequent

indictment nor bind the Grand Jury. People v. Watson, 394 Ill 177, 68 NE2d 265. There is no plea to the felony entered at the preliminary hearing and no trial is held. We are of the opinion that the reinstatement of the complaint for preliminary examination as opposed to the filing of a new complaint had no relevance whatsoever to the indictment upon which the defendant was finally convicted. The defendant accepted the State's offer of a nolle prosequi of the felony charge in return for his plea of guilty to a misdemeanor charge. When defendant sought a new trial he should have realized that the State would seek to reinstate the felony. The facts in this situation are far different than the entry of a nolle prosequi by the State not occasioned by the voluntary acts of defendant as occurred in the cited cases of Brooks v. People, 88 Ill 327 and in Newlin v. People, 221 Ill 166, 77 NE 529. We feel that here the State complied with the proper procedure in reinstating the more serious charge.

■ The defendant next strenuously contends that the State failed to bring him to trial in compliance with the provisions of the so-called "four-term acts" contained in chap 38, § 748 and § 633.1 of the Illinois Revised Statutes. The relevant portion of § 633.1 (now repealed) upon which the defendant asserts the right to discharge, is as follows:

> Whenever any person has entered upon a term of imprisonment in any penitentiary of this state, and whenever during the continuance of the term of imprisonment there is pending in the county in which he was sentenced any other indictment or information against the prisoner, . . . such untried cause shall be barred for want of prosecution if the prisoner is not brought to trial within 4 months after the date of incarceration for the prior conviction. . . .

This section is not applicable to the case at bar, it contemplates a situation where the defendant is in prison for the four-month period set out in the statute. Here, the defendant was freed on bond 23 days after a voluntary plea of guilty and remained on bond until his conviction on the felony charge.

The defendant, as has been pointed out, also relies upon the provisions of § 748. The applicable part of that section provides that any person who shall have been admitted to bail for an alleged offense shall be entitled on demand to be tried within four months after such demand. The record does not reflect any demand for trial on the part of the defendant. It does show that on November 18 and November 28 the case was continued on defendant's motion. The record also indicates that continuances were granted on motion of the prosecution and by agreement. Since the defendant did not at any time make a formal demand for trial and did on the other hand seek to delay the trial date the law is clear that he has no claim for discharge under the provisions of § 748. For a case particularly in point see People v. Williams, 31 Ill App2d 230, 175 NE2d 576 (abst). The contention by defendant that the four-term statute began to run on October 5, 1960, when the defendant was incarcerated on his plea of guilty is untenable. The proceedings would normally have terminated in the Municipal Court on that date with the defendant being held over to the Grand Jury except for the voluntary change in plea by defendant.

The defendant finally contends that he was discharged for want of prosecution on May 16, 1961, and the court thereafter lost jurisdiction of the defendant; that the subsequent reinstatement of the same indictment and the rearraignment of the defendant was a nullity. We have carefully examined the proceedings on May 16th. It appears that on that date the de-

273

fendant petitioned for a discharge on the basis of the four-term act in which petition he alleged that prior to February 10th, 1961, more than four months had elapsed without his having been brought to trial without any delay on his part and he was therefore entitled to be discharged. The defendant's counsel and the Assistant State's Attorney orally argued the merits of the petition. The court then stated ". . . it is incumbent upon the State to produce that record. Otherwise, the motion for a discharge will be granted." The cause was continued to May 31st. When the matter came before Judge Salter on June 1st, the bill of exceptions shows that the Court stated that, "On May 15th the Court tentatively allowed defendant's petition for discharge on a fourth-term issue on the representation that the defendant had made. However, the State's Attorney asked leave to further check the record, and so the matter has been held open until yesterday, yesterday held open until today." Judge Salter concluded that, "I tentatively entered an order allowing the petition for discharge on May 15th. I said the petition for discharge would be allowed if the State didn't bring in the record to show to the contrary. It was only a tentative order, but that order of May 15th will be set aside, vacated, and on this date, why the petition, defendant's petition for discharge under the fourth term will be denied." Thereupon, the defendant was rearraigned, plead not guilty and waived the reading of the indictment. After several agreed continuances the cause proceeded to a bench trial on October 30, 1961, and the defendant was found guilty and sentenced.

It is clear to us that the trial judge properly held that the defendant never brought himself within the provisions of either of the four-term statutes. It is equally clear that the trial judge never actually granted the petition for discharge. A tentative order is a

creature unknown to the law. Although Judge Salter expressed his momentary thoughts on the matter it is clear that he never issued any "order" formal or informal discharging the defendant. The fact that the defendant was rearraigned appears to be solely a matter of form and has no bearing upon this appeal. People v. Heider, 225 Ill 347, 80 NE 291, cited by defendant is distinguishable from the case at bar on the facts as hereinabove related. In the Heider case the court ordered the defendant discharged from imprisonment for failure by the State to try him within four months after his commitment. He was set at liberty and a new indictment was thereafter returned against him for the same offense. The Supreme Court held that "[w]hen a person tried for a crime brings himself within the provisions of the statute he is entitled to be set at liberty, and cannot afterward be committed or held for the same offense when charged therewith by a second indictment."

We are indebted to the State for providing us with three supplemental records including the Bill of Exceptions which were of great assistance to us. Other matters raised by the State were considered by us, but having determined the issues on its merits there is no necessity to decide those questions.

▌ The defendant was sentenced in conformity with the provisions of the Uniform Narcotic Drug Act (now cited as) SHA ch 38, § 22–40 which reads as follows:

> Whoever violates this Act by possessing, having under his control, manufacturing, or compounding any narcotic drug shall be fined for the first offence not more than $5,000 and be imprisoned in the penitentiary for a period of not less than 2 years or more than 10 years. For any subsequent

offence the violator shall be imprisoned in the penitentiary for any term from 5 years to life . . .

The defendant who had been convicted of a prior narcotics offense was sentenced to serve a term of five to fifteen years in the Illinois State Penitentiary. In the defendant's reply brief counsel for defendant has asked us to consider reducing defendant's sentence to the amount of time that he has served to date and that said time be considered as served. We feel that under the facts and circumstances of this case the sentence handed down was excessive. As has been pointed out the defendant was originally convicted for one year on the recommendation of the State. We consider that this is a proper case for the use of the power of reduction of sentence given to this court by the recently enacted statute. SHA, ch 38, § 121–9b(4). Since the defendant has a prior narcotics record we are limited in our reduction of sentence to the statutory minimum of five years. We therefore affirm the conviction, but order that the defendant, Thomas Campbell, be incarcerated in the Illinos State Penitentiary for a term of not less than five years nor more than five years and a day.

Our review of the record satisfies us that there was no prejudicial error in the record to warrant a reversal. The judgment of the Criminal Court of Cook County is therefore affirmed with directions to reduce the sentence as directed.

Affirmed and remanded with directions.

MURPHY, P. J. and KLUCZYNSKI, J., concur.