**People of the State of Illinois, Plaintiff-Appellee, v. Phillip Freeman, Defendant-Appellant.**

Gen. Nos. 49,386, 49,387.

First District, Second Division.

June 2, 1964.

Julius Lucius Echeles, of Chicago, for appellant.

Daniel P. Ward, State's Attorney, of Chicago (Elmer C. Kissane and Matthew J. Moran, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE BRYANT delivered the opinion of the court.

This is an appeal by defendant, Phillip Freeman, from an order of the Criminal Court of Cook County of April 12, 1961, revoking the probation of the defendant, which probation was granted on two convictions of robbery, and sentencing the defendant to the maximum statutory penalty of ten to twenty years on the robbery charges.

On November 12, 1960, Phillip Freeman along with several other boys pleaded guilty to two indictments of robbery. On November 21, 1960, he was given three years probation on both indictments with the first sixty days to be served concurrently in the County Jail. On April 5, 1961, a warrant was issued for defendant's arrest for violation of his probation in that on March 27, 1961, he was convicted of disorderly conduct arising out of a gang fight on March 26, was fined $50, and was then serving out his fine in the House of Correction. On April 10, 1961, at the probation revocation hearing the court reviewed the defendant's record, noted the conviction, observed

that "there was a stipulation he was to be home at 10:30, he was to report to the probation department— he has done none of these things." The court recalled that at the time probation was requested the court had advised the defendant that if he violated his probation he would get ten to twenty years and that if he felt that he couldn't stay out of trouble it might be better to go to the penitentiary for two to five years.

It is clear that defendant did not report to his probation officer after his release from the sixty-day term in the County Jail at the end of January, 1961, and prior to his conviction of disorderly conduct on March 27, 1961. He testified that he appeared at the Probation Department on February 6, 1961, but was told to return on February 20, his proper day. On February 20, defendant did not appear because he was defending himself in court against another charge. The defendant did not appear before the probation officer on March 20. The probation officer testified that there was no record of defendant reporting at the probation department, but that on February 15, the defendant had appeared in Boys' Court as the defendant in a case involving larceny of a shotgun from a home.

Section 787 of the Criminal Code (Ill Rev Stats 1959, c 38, § 787) provides inter alia:

> "Release on probation shall be upon the following conditions:
> "(3) That he shall make a report once a month, or as often as the court may direct, of his whereabouts, conduct and employment, and furnish such other information relating to the conditions of his probation, as may from time to time be required by rule or order of court, to the probation officer under whose charge he has been placed, and shall appear in person before the

court at such time as the court may direct or the rule of court provide."

Section 789 (Ill Rev Stats 1959, c 38, § 789) provides inter alia:

"At any time during the period of probation, the court may, upon report by a probation officer or other satisfactory proof of the violation by the probationer of any of the conditions of his probation, revoke and terminate the same. . . .

"But if the court shall be of the opinion that the interests of justice require the imposition of sentence the same shall then be imposed. . . ."

██ Failure to report to the probation officer, alone, in the discretion of the court, is sufficient to revoke probation. The defendant received a fair hearing before the court. He was given an opportunity to explain his failure to report to the probation officer, to explain his conviction for disorderly conduct and to explain his presence in a gang. People v. Esposito, 343 Ill App 146, 98 NE2d 126 (1951). The court was familiar with defendant's history and reviewed all of his activities between his release from the County Jail and the date of the probation revocation hearing.

Although the court was primarily interested in the conviction of disorderly conduct in the Municipal Court arising out of gang activities on March 26, 1961, the revocation was justified on the failure to report alone. We feel that the court committed no error in refusing to go behind the Municipal Court record to review the conviction of the defendant even after that conviction was vacated. That the Municipal Court had no jurisdiction to vacate the previous conviction after 30 days has passed is elementary and appeared on the face of the record. The court did not act in-

consistently. The court did not abuse its discretion in this case.

■ We believe that the sentence should be reduced since the boys originally sentenced with defendant for the robberies received substantially smaller sentences. In accordance with the statute (Ill Rev Stats 1963, c 38, § 121–9(b)(4)) the sentence of ten years to twenty years in the penitentiary is reduced to four years to ten years in the penitentiary. People v. Campbell, 49 Ill App2d 269, 200 NE2d 72. The judgment of the Criminal Court of Cook County is amended accordingly and as so amended is affirmed.

Judgment amended and, as amended, affirmed.

BURKE, P. J. and FRIEND, J., concur.