(No. 38608.—

THE PEOPLE *ex rel.* William B. Gregory, Petitioner, *vs.* FRANK J. PATE, Warden, Respondent.

*Opinion filed Nov. 24, 1964.—Rehearing denied Jan. 19, 1965.*

THOMAS P. SULLIVAN, of Chicago, (RAYMOND, MAYER, JENNER & BLOCK, of counsel,) for petitioner.

WILLIAM G. CLARK, Attorney General, of Springfield, (FRED G. LEACH, Assistant Attorney General, of counsel,) for respondent.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

This is an original petition for a writ of *habeas corpus* filed with leave of this court seeking to obtain the release of the petitioner William B. Gregory from the Illinois State Penitentiary. The issue posed by the petition involves the

application of credit for time served under a reversed conviction on a subsequent sentence for the same offense entered prior to January 1, 1964.

Petitioner was convicted of murder in the criminal court of Cook County and sentenced to imprisonment for a term of 199 years on November 1, 1950. On September 22, 1960, this court reversed his conviction and remanded the cause for a new trial. On remand he was again convicted and on July 27, 1961, he was sentenced to imprisonment in the penitentiary for a term of 25 years. On February 4, 1964, the Governor commuted the sentence from 25 years to 9 years. The petitioner has been incarcerated since 1950 on the same charge.

Petitioner contends that he is entitled to his release because he has already served more than his 9-year commuted sentence in the penitentiary on the same charge. He argues that this fact entitled him to release under the provisions of sections 119—3 and 121—14(d) of the Code of Criminal Procedure, (Ill. Rev. Stat. 1963, chap. 38, pars. 119—3, 121—14(d)); the equal protection and due process clauses of the Illinois and Federal constitutions; and an enlightened application of the common law.

The respondent, Warden Pate, argues that the statutory provision relied on applies only to sentences imposed after its effective date, January 1, 1964. He further insists that neither the legislature nor the judiciary have the power to commute a valid sentence, and that this would be the effect of the relief sought.

The pertinent provisions of the Code of Criminal Procedure, effective January 1, 1964, provide as follows:

Section 121—14(d): "In any case in which an appellant serves pending appeal any portion of the sentence imposed in the trial court and the judgment of the trial court is reversed by a reviewing court and a new trial ordered the appellant shall be given credit in any subsequent sentence for the time served pending appeal."

Section 125—3(c) and (d): "(c) Provisions of this Code according a defense or mitigation shall apply with the consent of the defendant.

"(d) Provisions of this Code governing the treatment, eligibility, release or discharge of prisoners, probationers and parolees shall apply to persons under sentence for offenses committed prior to the effective date of this Code except that the minimum or maximum period of their detention or supervision shall in no case be increased."

It is apparent that these statutory provisions were enacted to eliminate a much criticized anomaly in Illinois law. The decisional law of this State has long followed the minority view that upon reversal of an erroneous sentence the court has no power to require credit, upon a new sentence, of the time the prisoner has served upon the original sentence. *People ex rel. Boyle* v. *Ragen,* 400 Ill. 571, 573; *People* v. *Lueckfield,* 396 Ill. 520; *People* v. *Atkinson,* 376 Ill. 623.

These rulings are at variance with the decisions in a majority of the States, (Anno. 35 A.L.R. 2d 1283) and have been strongly criticized. Whalen, "Resentence Without Credit For Time Served: Unequal Protection of the Laws," 35 Minn. L. Rev. 239 (1951); Agata, "Time Served Under a Reversed Sentence or Conviction—A Proposal and a Basis for Decision," 25 Mont. L. Rev. 3 (1963).

It is true that the sentence under which petitioner is now confined was rendered prior to the effective date of the Code, and the applicable section states that the credit for time served shall be given "in any subsequent sentence." Standing alone this language lends some merit to the argument of respondent that the credit provisions of the statute can only apply to a sentence imposed subsequent to the effective date of the act, and that petitioner's sentence, valid when rendered, cannot be subject to time served credit.

However, this section must be considered together with section 125—3(d) which states that "Provisions of this Code governing the treatment, eligibility, release or discharge of prisoners * * * shall apply to persons under sentence for offenses committed prior to the effective date of this Code except that the minimum or maximum period of their detention * * * shall in no case be increased."

We think it can properly be said that section 121—14(d) dealing with credit for time served is a provision governing "eligibility, release or discharge of prisoners," and therefore should apply to petitioner who is under sentence for an offense committed prior to the effective date of the Code.

To hold otherwise would perpetuate a situation that the legislature clearly sought to eliminate, and would ignore the express intention that the remedial provisions of the Code be applied retroactively. No rational purpose would be served in treating persons resentenced prior to January 1, 1964, in a completely different way than those resentenced after that date.

We grant that the power to grant reprieves, commutations and pardons is vested exclusively in the Governor, and cannot be usurped by the legislature or this court. (Ill. Const., art. V, sec. 13; *People ex rel. Fullenwider* v. *Jenkins,* 322 Ill. 33; *People ex rel. Brundage* v. *LaBuy,* 285 Ill. 141.) However we do not consider that the statute allowing credit for time served, as so construed, amounts to a pardon or commutation of a valid sentence.

The duration of petitioner's second sentence was first properly established by the trial court, and then validly commuted by the Governor. The legislature has not attempted to change the duration of the sentence, but merely to recognize the gross inequity in the legal reasoning that would ignore penitentiary time served for the same offense.

We recently approved the retroactive application of the Sentence and Parole Act, (Ill. Rev. Stat. 1961, chap. 38,

par. 801,) to persons sentenced prior to the effective date of the act, despite the argument of the Attorney General that such an application would constitute the changing of a judicial judgment by the legislature. (*People ex rel. Kubala* v. *Kinney,* 25 Ill.2d 491, 492.) As a result of that case Kubala became eligible for parole approximately 13 years earlier than under prior law.

In the *Kubala* case we pointed out that while the legislature cannot change a valid sentence they have the power to determine the manner of executing the punishment, and to establish rules for the government and discipline of inmates. (*People ex rel. Kubala* v. *Kinney,* 25 Ill.2d 491, 493.) We think that the retroactive application of the present statute is within the bounds of legislative power.

Petitioner's sentence, as commuted, is for a term of nine years. He has already served more than thirteen years in the penitentiary for this offense. We think it clearly within the power of the legislature to cut through the semantic distinctions of the early decisions of this State and recognize the plain fact that petitioner has served his sentence and is entitled to discharge. As we have previously noted, we feel that the legislature intended to so exercise its power.

Petitioner has also raised serious questions of the constitutionality of the denial of credit for time served on a prior reversed sentence. Because of our conclusion that the legislature has validly removed this inequity from our criminal law, we need not consider these questions.

On the basis of this conclusion the petitioner is discharged.

*Petitioner discharged.*