**People of the State of Illinois, Defendant in Error, v. Kenneth Allen Madden, Plaintiff in Error.**

**Gen. No. 64-69.**

Second District.

March 26, 1965.

Henry J. Close, of Rockford, for plaintiff in error.

William R. Nash, State's Attorney, Winnebago County (William H. Snively, Assistant State's Attorney, of counsel), both of Rockford, for defendant in error.

MR. JUSTICE MORAN delivered the opinion of the court.

The plaintiff in error, Kenneth Allen Madden (hereinafter called plaintiff), on May 24, 1961, was found guilty by a jury of the crime of burglary (with force). He was later released on probation for a period of five years. One year later, May 25, 1962, a petition to revoke his probation was filed. The petition charged that he committed the offense of armed robbery on April 21, 1962, and that he left the State of Illinois on or about April 30, 1962. A hearing was had on the petition and the Circuit Court of Winnebago County, after revoking probation, sentenced the plaintiff to the penitentiary for a period of not less than five nor more than fifteen years. A writ of error was issued from the Supreme Court of Illinois on the original conviction. On May 21, 1964, the Supreme Court denied the plaintiff's right to appeal his original conviction and transferred the appeal from the order revoking his probation to this court for determination.

The plaintiff contends that there was not sufficient competent testimony at the hearing on revocation of probation to establish that he committed the crime of armed robbery. As to the second allegation of the petition, leaving the State of Illinois, he admits this violation. The plaintiff in this court seeks to have the findings of the trial court vacated as to his commission of the offense of armed robbery and to have the case remanded for resentencing on the basis that he vio-

197

■■■■■■■■

lated his probation solely by leaving the State of Illinois without permission of the court.

■ For the purpose of this appeal the court will confine itself to the competency of the evidence introduced at the hearing concerning the offense of armed robbery since the other violation, leaving the State, has been admitted. It must be kept in mind that the State need prove a violation of probation only by a mere preponderance of the evidence and not beyond a reasonable doubt. People v. Burrell, 334 Ill App 253, 79 NE2d 88.

On April 21, 1962, at about 10:20 p. m., two men, one with a gun, entered the Rockette Drive-In, both with handkerchiefs over their faces, and held up one Robert McNaughton, an employee. In the process, McNaughton and Joanne Adams, a car hop, were each struck on the head with the gun. McNaughton received a cut that required ten sutures to close. While the robbery was in progress, a part owner, Daniel Pappas, left the drive-in and phoned the police. This same party saw the two robbers leave the drive-in and get into a waiting car. He testified that he was able to get about five feet from the car and, in addition to gaining the license plate number, he saw either "four or five" other persons in the car. At the hearing these three persons testified that identification of the robbers was difficult due to the fact that they had handkerchiefs over their faces. Nevertheless, at a police line-up, McNaughton and Adams picked out the plaintiff as one of the men involved. Earlier this same day, the plaintiff, along with Travis Owens, Hugh Jenkins, Robert Billy Thompson and William Beck, had been in the company of each other on and off. Owens allowed the other four to borrow his car and while those four were together they picked up one Howard Young.

198

The testimony reveals that throughout the day they were drinking.

About seven o'clock that evening, Owens, with the help of a lady friend and her car, proceeded to look for his car, and it was not until about 10:00 p. m., that he and his lady friend were successful in finding it. Present at this time in addition to Owens was the plaintiff, Beck, Young, Thompson and Jenkins. They then drove the lady friend and her car home. The six left in Owens' car and drove to the Rockette Drive-In. When they reached the drive-in, Beck and the plaintiff left the car for about five minutes and upon their return, Young testified, "Kenny Madden had a handkerchief over his mouth and Bill Beck had his head ducked down." When they got into the car, Owens testified, "Thompson said 'Let's go'," which they did, and, after a short while, Thompson, Beck, Young and the plaintiff got out of the car and Owens and Jenkins continued on to Jake's Cafe.

The hearing on revocation not only included the probation of the plaintiff, but also the revocation of probation as to Thompson, Jenkins and Beck, who had earlier been placed on probation by this same court.

During the proceedings the State called twelve witnesses, including Owens and Young, after both were granted immunity. The defense called two witnesses, Hugh Jenkins and Robert Billy Thompson.

Jenkins' testimony was to the effect that he was too intoxicated to know anything about being in the car outside of the drive-in. However, Owens and Young testified that they waited in the car while the plaintiff and Beck went into the drive-in. Thompson, the plaintiff's witness, stated that in addition to himself, the plaintiff, Beck, Young and Owens were at the drive-in.

At one stage of the proceedings the Court stated as follows:

"I am interested in whether they committed the armed robbery. You admit a violation by your admitting going out of the State. That is not as serious as committing an armed robbery and I have to know that. If I revoke probation, I have to know if I revoke it on armed robbery, that is different, and I would consider a different penalty."

The plaintiff contends that there is insufficient evidence to place him at the scene of the crime at the exact time of its commission, and further that there was no positive identification made by the victims of the crime. He relies on People v. Burrell, supra, as his authority.

With this we disagree. In the Burrell case, although there was conflicting evidence as to the identity of the plaintiff, the actual basis of the decision was that because the plaintiff was a minor and was not represented by counsel, he could not intelligently present a proper defense nor adequately cross-examine on this one point.

In the case before us, the plaintiff was represented by counsel and did cross-examine the prosecution witnesses. Further, from an examination of the record as a whole, which includes the testimony of Owens to the effect that they started driving to the scene of the crime at about 10:00 p. m., we are of the opinion that the trial court had sufficient evidence before it to conclude that the plaintiff committed the offense of armed robbery.

The plaintiff next alleges error because evidence of certain admissions made by a codefendant out of his presence was allowed in the trial. A careful check of the record discloses that no objections were

200

made by the plaintiff at the time this evidence was offered, and, the point having been thus waived, it cannot be raised for the first time on this appeal.

Judgment affirmed.

ABRAHAMSON, P. J. and DAVIS, J., concur.