People of the State of Illinois, Plaintiff-Appellee, v. John Jacob Steg, et al., Defendants-Appellants.

Gen. No. 65–45.

Third District.

April 14, 1966.

Robert W. Boeye and James A. Wurbs, both of Rock Island, for appellants.

Richard Stengel, State's Attorney, of Rock Island, for appellee.

ALLOY, J.

The action from which this appeal is taken originated as an indictment charging armed robbery by three defendants, John Jacob Steg, Jimmy Witt, and Valentino L. Bravo. On January 13, 1965, defendant Valentino L. Bravo pleaded guilty to the indictment and filed a petition for probation. On January 25, 1965, defendant John Jacob Steg pleaded guilty to the indictment and likewise filed a petition for probation. On January 28, 1965, the third defendant, Jimmy Witt, pleaded guilty to the indictment but did not file a petition for probation. On February 26, 1965, the court sentenced Jimmy Witt to be imprisoned in the Illinois State Penitentiary for not less than 2 years nor more than 10 years, such sentence to run consecutively with the sentence of the court in the State of Iowa. The defendant Jimmy Witt was remanded to the Sheriff of Scott County, Iowa, for further proceedings in a criminal charge against him in that county. Thereafter, the petitions for probation for the remaining two defendants were denied and they were both sentenced to the Illinois State Penitentiary for not less than 5 years nor more than 20 years. On appeal in this court, the said defendants John Jacob Steg and Valentino L. Bravo, seek to have their sentences reduced on the basis that such sentences were excessive in view of the sentence imposed upon Jimmy Witt and likewise

that the sentences were excessive in view of the records and age of the defendants Steg and Bravo.

The circumstances of the crime to which the defendants had pleaded guilty indicated that on September 21, 1964, Jimmy Witt had approached defendants Steg and Bravo in a tavern in Rock Island and solicited them to "go on a job with him." They drove to defendant Jimmy Witt's house where Witt gave Steg and Bravo guns. Thereafter, they drove to Milan, Illinois, to the home of Mr. and Mrs. Walter Seefeldt, where Witt entered the house followed by Steg and Bravo. The trio tied up and robbed the Seefeldts of $600 and this money was subsequently turned over to Jimmy Witt and was never recovered.

The sentence imposed upon defendant Jimmy Witt was made by one of the judges of the Rock Island County Circuit Court and the sentencing of Bravo and Steg was made by another judge of such court. The trial court which sentenced the two remaining defendants, indicated that it had knowledge of the fact that the third defendant Witt had been sentenced to a term of from 2 to 10 years but stated specifically as follows:

> "Now it is true that one of these defendants has been sentenced from two to ten years in the penitentiary. But the fact that this Court made a mistake in the third of this crime doesn't mean I'm going to make a mistake likewise for two-thirds of the crime. It is the judgment and sentence of this court that both of these defendants be imprisoned in the Illinois State Penitentiary for a term of not less than five (5) nor more than twenty (20) years."

The record indicates that defendant Steg was 23 years of age and had a prior criminal record of only one disorderly conduct charge and several minor traffic violations. Defendant Bravo was 24 years of age and had a minor criminal record of misdemeanor convictions such

as disorderly conduct. The record indicates that the instigator and planner of the crime was defendant, Jimmy Witt, who received a sentence of 2 to 10 years. At the time of sentencing of defendants Steg and Bravo, the State's Attorney had made a recommendation that they be sentenced to the penitentiary for not less than 1 nor more than 10 years.

■ ■ It is obvious that if all three of the defendants had been sentenced to a term of not less than 5 years nor more than 20 years such sentence would not be excessive in any respect and this court would not disturb the sentence on appeal. Similarly, the fact that the State's Attorney's recommendation was not followed by the trial court would be of no significance since the trial court is not bound by such recommendations. The problem with which we are confronted, however, is not a simple one of determining whether the sentences are excessive in view of the crime committed. The issue basically is whether the results in this case are consistent with the basic principle of dispensing equal justice under the law.

■ Smaller sentences are consistently approved where an individual aids in disposing of a case through cooperation with the prosecution. Such is not the case before us since the actual cooperation with the prosecution was by defendant Bravo and the plea of guilty by defendants Bravo and Steg preceded the plea of guilty by Jimmy Witt. Similarly, there is nothing in the record of Jimmy Witt which would justify a smaller sentence for him, but, in fact, the records of Steg and Bravo were both better than the record of Jimmy Witt who was being charged at the time he was sentenced with an Iowa criminal violation.

■ We are reluctant to interfere with the sentence of a trial court which otherwise would be within the scope of the law in not being excessive in view of the nature of the crime committed. A principle is involved in this cause, however, which should be a guiding principle in

191

disposition of criminal cases and in sentencing. Where there is no basis either in the records of the individuals involved or in the nature of the participation of such individuals in the crime which would justify a more severe sentence as to one of equal participants in such criminal venture, a sentence which arbitrarily imposes a greater punishment or penalty upon one or more of the individuals than another should not be approved.

In People v. Freeman, 49 Ill App2d 464, 200 NE2d 146, the defendant along with 12 other individuals was convicted of certain robberies. Defendant had been granted probation while the accomplices had been sentenced to the penitentiary for terms of 1 to 3 years. Thereafter, the defendant Freeman violated his probation and was sentenced to a term of 10 to 20 years. The court on appeal in sustaining the revocation of probation reduced his sentence for reasons expressed as follows (at Page 468):

> "We believe that the sentence should be reduced since the boys originally sentenced with defendant for the robberies received substantially smaller sentences. In accordance with the statute (Illinois Revised Statutes 1963, Chapter 38, Section 121–9(b) (4)) the sentence of ten years to twenty years in the penitentiary is reduced to four years to ten years in the penitentiary." (Citing People v. Campbell, 49 Ill App2d 269, 200 NE2d 72.)

It is suggested by the prosecutor that defendant Witt, who had been sentenced by a different judge to a term of 2 to 10 years was under a sentence which was to run consecutively with the sentence which would be imposed by the Iowa Court. The record before us does not disclose the nature of the sentence of defendant Witt in Iowa and there is nothing in the proceedings resulting in the sentencing of Steg and Bravo which indicates that this was a factor in the ultimate sentences imposed by

the Trial Judge as to said defendants. The circumstance that the Illinois Court had no control over the Iowa sentence and the manner in which sentence should be directed by such court, makes it apparent that this circumstance, in itself, could not have been the motivating factor in the imposition of a 2 year to 10 year sentence as to defendant Witt and the subsequent sentences of 5 years to 10 years as to defendants Steg and Bravo.

■ We feel that the ends of justice require that the sentences of defendants Steg and Bravo be reduced to conform with the sentence imposed upon defendant Jimmy Witt. The sentences of defendants John Jacob Steg and Valentino L. Bravo are, therefore, reduced from the original sentences of not less than 5 years nor more than 20 years to sentences in the Illinois State Penitentiary of not less than 2 years nor more than 10 years.

The sentences of the Circuit Court are amended as herein stated and this cause is affirmed with said sentences so amended.

Sentences modified and judgments affirmed.

STOUDER, J., concurs.

CORYN, P. J., dissenting.

I do not agree with the decision of my colleagues in this case. Steg and Bravo, the appellants herein, are not claiming that they are innocent of the charge of armed robbery, but rather that the five to twenty year sentences imposed on them should be reduced because (1) these sentences were excessive in view of their prior records and ages, and (2) these sentences were excessive in view of the sentence imposed on Jimmy Witt, their partner in this crime.

Each of the three defendants entered a plea of guilty, but only Steg and Bravo petitioned the court for probation. Witt, after his plea, did not offer evidence in miti-

gation, nor did the state offer evidence of aggravation. The record, therefore, is silent as to Witt's character, previous criminal record, employment, education, and ability, and disclosed only that Witt was twenty-five years of age, and was sentenced to a term of not less than two nor more than ten years in the Illinois State Penitentiary, which sentence was to run consecutively with the sentence of the District Court in the State of Iowa. The record further discloses that Witt was remanded by the Illinois trial court to the sheriff of Scott County, Iowa, but does not disclose the nature of the charges against him in Iowa, or the final disposition of these charges.

The record and report of proceeding of the probation hearing of Steg and Bravo includes the probation officer's report, Steg and Bravo's testimony, and the testimony of Walter and Alice Seefeldt, the victims of the armed robbery. It is clear from this evidence that Witt conceived the plan to rob the Seefeldts, but that Steg and Bravo willingly acquiesced and fully cooperated in the execution of this heinous crime.

The majority opinion states that the sentences imposed on Steg and Bravo are not excessive in view of the nature of the crime, and "that if all three of the defendants had been sentenced to a term of not less than five years nor more than twenty years, such sentence would not be excessive in any respect and this court would not disturb the sentence on appeal." The majority apparently conclude that the trial judge sentencing Steg and Bravo abused his discretion by "arbitrarily" imposing a greater sentence on them than was imposed by another trial judge on Witt, and that therefore the sentences of Steg and Bravo "be reduced to conform with the sentence imposed upon . . . Witt."

What the majority opinion advocates is that equal protection of the law requires uniform sentencing of copartners in crime. With this concept I cannot agree.

194

Equal protection of the law, in my opinion, means that each defendant in a criminal case shall be afforded the same constitutional and statutory rights and guarantees. It does not mean uniform justice in the sense that all trial judges, when dealing with codefendants, or defendants in substantially similar cases, must reach the same conclusions regarding the sanction to be imposed. Each trial judge is free to make his own independent determination of the sentence to be imposed, and this determination should not be disturbed on review unless the sentence is clearly excessive in light of the crime committed. People v. Hobbs, 56 Ill App2d 93, 205 NE2d 503.

The record before us does not indicate what factors were or might have been considered by the trial judge who sentenced Witt, and there is nothing in the record to indicate that the trial judge sentencing Steg and Bravo was aware of what factors were considered by the first judge in sentencing Witt. The remark of the judge who sentenced Steg and Bravo, to which reference is made in the majority opinion, merely indicates that he concluded that the gravity of the offense warranted a greater penalty than was imposed on Witt. These remarks, however, do not constitute an adjudication that all things concerning the three participants were equal, nor is it evident from these remarks that the judge sentencing Steg and Bravo was any more aware of what factors influenced the sentencing of Witt than are we. The majority of this court, however, without a record sufficient to indicate whether the differences in the sentences is arbitrary, has decided that the sentences imposed on Steg and Bravo are arbitrary merely because they differ from the sentence imposed on Witt. Thus, under the majority theory, when different judges are required to sentence different participants in a crime, the judgment of the first becomes binding on the second, and the second judge may no longer freely exercise his discretion, but must review the record and sentence of

an earlier participant by a different judge, rather than make his own determination based on the nature of the crime, and the character and circumstances of the participant before him for sentencing.

The results which the majority opinion hopes to effect are ones which are properly the function of the Parole Board, and not the function of the courts. The guarantee of equal protection of the law has never been construed to require that courts impose the same sentences on joint defendants or joint participants in a crime. Leniency in one case does not transform reasonable punishment in another case to an excessive sentence. Howard v. Fleming, 191 US 126, 24 Sup Ct 49, 48 L Ed 121. The power of Illinois courts of review (Ill Rev Stats c 38, § 121–9(b)(4)) to reduce sentences should be used with caution, and not for the purpose of granting judicial clemency, or because the reviewing court would have imposed a different sentence if sitting as the trial court. People v. Valentine, 60 Ill App2d 339, 208 NE2d 595; People v. Johnson, 68 Ill App2d 275, 215 NE2d 144.