**The People of the State of Illinois, Plaintiff-Appellee, v. Edward Carroll, Defendant-Appellant.**

Gen. No. 10,723.

Fourth District.

September 26, 1966.

Supplemental opinion November 17, 1966.

J. H. Weiner, and Londrigan & Londrigan, of Springfield (Thomas F. Londrigan, of counsel), for appellant.

Basil G. Greanias, State's Attorney, of Decatur, for appellee.

GOLDENHERSH, P. J.

Defendant, Edward Carroll, appeals from the order of the Circuit Court of Macon County, wherein the court revoked his probation, and imposed sentence of not less than one, nor more than five years in the penitentiary.

On February 11, 1963, defendant, then 19 years of age, pleaded guilty to the charge of theft from the person (c 38, § 16–1, Ill Rev Stats 1961). On March 1, 1963, de-

fendant was admitted to probation for a period of three years. The order, inter alia, provided that defendant was to serve six months in the Illinois State Farm, and upon his release, was to be at his place of residence between 11:00 p. m. and sunrise, was not to associate with anyone having a known criminal record, use intoxicating liquors, or drive a motor vehicle without permission of the probation officer. On January 24, 1964, the probation officer granted defendant permission to drive an automobile in connection with his employment, and specifically informed him that he was not permitted "to drive a car for pleasure purposes."

On November 15, 1965, the probation officer for the Circuit Court of Macon County filed a "Report of Violation of Probation" in which it is charged that defendant violated the terms and conditions of his probation in that on September 13, 1965, he was in illegal possession of liquor in the car he was driving,[1] was outside his residence after 11:00 p. m., drove a motor vehicle for pleasure purposes, and associated with one Joe Burcham, formerly on probation, after his having been convicted along with defendant, of the offense of theft from the person.

A warrant was issued for defendant's arrest, he appeared, was admitted to bail, and the matter was set for hearing on November 30, 1965. The evidence shows that defendant was in his automobile on September 13, 1965, in the company of Joe Burcham and two other men, that there was beer in the car, and that defendant was out later than 11:00 p. m. The testimony as to who was driving the car when it was involved in an accident is in conflict, but it is admitted that defendant drove it at least the distance required to remove it from the bridge on which the accident occurred.

---

[1] On October 18, 1965, defendant pleaded guilty to the charge of illegal possession of liquor (c 43, § 140, Ill Rev Stats 1963), and was fined.

■■■ Defendant contends that the evidence does not sustain the trial court's findings that he violated the terms of his probation. A violation of the terms and conditions of probation must be proved by a preponderance of the evidence. People v. Madden, 56 Ill App2d 196, 205 NE2d 653. The People v. Bolger, 359 Ill 58, 194 NE 225, in reviewing a case in which The People were required to prove guilt beyond a reasonable doubt, the Supreme Court, at page 68 said: "The trial judge who heard the case saw and heard the witnesses testify. He had the opportunity to observe their conduct and demeanor while testifying and was in a better position to weigh their testimony than is a reviewing court. The law has committed to the jury, or to the trial court where a cause is tried by the court, the determination of the credibility of the witnesses and of the weight to be accorded to their testimony, and where the evidence is merely conflicting this court will not substitute its judgment for that of the jury or the trial court." Applying this rule to this case, in which The People bore a lesser burden, we cannot say that the evidence did not prove the violations charged by a preponderance of the evidence.

■ Defendant contends that the circuit court abused its discretion in revoking probation. The circuit court is authorized to impose reasonable conditions (c 38, § 117–3, Ill Rev Stats 1965) of probation and a revocation based on a finding that defendant had violated four of the conditions fixed by the court, was not an abuse of discretion.

Defendant contends that the sentence imposed is too severe and urges that this court should order it reduced as authorized by the provisions of ch 38, § 121–9 (b) (4), Ill Rev Stats 1965.

■ The determination of the proper penalty to impose upon a convicted offender presents one of the most difficult problems with which the trial bench is confronted. The ideal sentence is one which adequately pun-

ishes the offender for his misconduct, safeguards the public from further offenses, and reforms and rehabilitates the offender into a useful member of society. To the end that the trial court be possessed of pertinent information regarding the defendant, the General Assembly enacted ch 38 § 1–7(g), Ill Rev Stats 1965, which provides for a presentence hearing in mitigation and aggravation. Rule 461 of the Tentative Final Draft of Illinois Supreme Court Rules provides, "In all cases in which the defendant may be sentenced to the penitentiary, the trial court is required to hold a hearing in mitigation and aggravation in accordance with the provisions of section 1–7(g) of the Criminal Code of 1961. The trial judge shall advise the defendant of his right to present evidence in mitigation. A stenographic transcript of the judge's advice to the defendant and the defendant's answers, if any, shall be filed and shall be a part of the common law record."

Judges, trial and appellate, are subject to human failings, and many proposals have been made to insure, to the extent possible, that criminal sentences be determined and imposed dispassionately and objectively, after a review of, and reflection upon, the maximum amount of information regarding the defendant. It has been suggested that a panel of judges, who did not participate in the preconviction proceedings, review the record and determine the sentence. It has been recommended that a reasonable period of time elapse between conviction and sentence, in order that the trial judge, in imposing punishment, might not be influenced by some evidence or occurrence which to him, may have been unpleasant or revolting.

The order for probation imposed a number of restrictions on defendant's conduct and required him to report to the probation officer once every two weeks. There is no evidence of any violation for a period of two and one-half years and the four violations from which the

13

revocation arises occurred in one evening. The transcript of the evidence taken at the hearing shows that the trial judge was understandably irate because of the obvious falsity of the testimony of Joe Burcham, one of defendant's witnesses. The testimony of the probation officer is based upon his conversations with the other occupants of defendant's automobile and does not show any admissions or misrepresentations made by the defendant.

The only evidence that defendant drove the car, other than to back it off the bridge where the mishap occurred, is the testimony of a deputy sheriff who testified that defendant told him he was driving at the time. The only evidence to the effect that defendant drank beer is the testimony of the same deputy, who testified that he smelled beer on defendant's breath.

In summing up the evidence, prior to announcing his decision, the trial court said, "I am not about to make a finding that the deputy sheriff who was straightforward and told his version of what happened was lying on the witness stand as against Mr. Burcham was telling the truth. One of them was lying. As a trier of the fact there is no question in my mind whatsoever who the liar is. Mr. Burcham has revealed on the witness stand he was a liar. He admitted he lied to Mr. Hoendorf. I don't think he did at that time. He did today under oath. He also tried to lie to the Court on the witness stand about his conviction. Mr. Burcham, in anybody's language, is a liar. I recall the 1st day of March when we discharged him from probation and I congratulated him on the fact with the idea he had become rehabilitated. It is obvious to the Court that he is still a liar.

". . .

"My finding is that he has violated the terms of his probation; that it should be terminated. I would be more inclined to treat this as matters that do not require imposition of sentence if I hadn't been confronted with the

stories that were presented here in behalf of the defendant, which I think—and particularly I am referring to Mr. Burcham—they are a matter of prevarications. So I am going to terminate his probation."

The witness, Burcham, to whom the court refers, was a codefendant with the defendant in the case in which defendant was admitted to probation. The record shows that Burcham completed a period of probation and was discharged. It is defendant's association with him that supports the charge that defendant associated with one having a known criminal record.

■ In discussing the provisions of ch 38, § 121–9(b) (4), Ill Rev Stats 1963, in the People v. Taylor, 33 Ill2d 417, 211 NE2d 673, at page 424, the Supreme Court said: "We believe that under the now applicable statute granting reviewing courts the power to reduce sentences imposed by trial courts where circumstances warrant (Ill Rev Stats 1963, c 38, par 121–9(b) (4)), such authority should be applied with considerable caution and circumspection, for the trial judge ordinarily has a superior opportunity in the course of the trial and the hearing in aggravation and mitigation to make a sound determination concerning the punishment to be imposed than do the appellate tribunals."

The Appellate Court of Illinois has invoked the power to reduce sentences in the following cases: People v. Campbell, 49 Ill App2d 269, 200 NE2d 72; People v. Cage, 58 Ill App2d 262, 207 NE2d 732; People v. Freeman, 49 Ill App2d 464, 200 NE2d 146, and People v. Steg, 69 Ill App2d 188, 215 NE2d 854. In Freeman, the defendant, after revocation of probation was sentenced to serve not less than 10 nor more than 20 years. The Appellate Court reduced the sentence, giving as its reason that the boys with whom the defendant was convicted had received substantially lesser sentences. In People v. Steg, the Appellate Court reduced the sentences of the appellants

to conform to that imposed upon a codefendant. In so doing, the court at page 856 (215 NE2d 854), said: "Where there is no basis either in the records of the individuals involved or in the nature of the participation of such individuals in the crime which would justify a more severe sentence as to one of equal participants in such criminal venture, a sentence which arbitrarily imposes a greater punishment or penalty upon one or more of the individuals than another should not be approved."

It is obvious from the statement of the trial court that his displeasure with Burcham was a factor in the revocation of probation and the imposition of sentence. Burcham, a codefendant in the original proceeding, who admittedly lied to the probation officer, suffered no penalty, and his misconduct contributed to the court's decision as to what punishment was to be meted out to defendant. In our opinion, there is at least as much basis for the reduction of sentence here as is found in either Steg or Freeman. We invoke the power conferred upon this court by the provisions of section 121–9(b)(4) and reduce the sentence to not less than one year and not more than one year and one day.

Lastly, we consider defendant's contention that under the provisions of c. 38, § 119–3, Ill Rev Stats 1965, defendant must be given credit for two periods of incarceration.

Defendant was received at the Illinois State Farm at Vandalia on March 7, 1963, and on March 19, 1963, by administrative order of the Department of Safety, was transferred to the Illinois State Penitentiary, Menard Branch, where he was confined until discharged on September 1, 1963. Defendant was also confined in the Illinois State Penitentiary, Joliet Branch, from December 3, 1965, until December 23, 1965, when, by order of this court, he was admitted to bail. Although not clear in the record, it appears probable that defendant, between the dates of March 1 and March 7, 1963, and November 30

16

and December 3, 1965, was in the Macon County Jail, awaiting delivery to the State penal institutions.

Prior to the enactment of the Code of Criminal Procedures of 1963, provisions for sentence credit were included in c 38, §§ 754(b) and 803(b), Ill Rev Stats 1961. These sections are specifically repealed by c 38, § 126–1, Ill Rev Stats 1963. Regretfully, we cannot interpret these sections as entitling defendant to credit for the periods of confinement in the State Farm at Vandalia and the penitentiary at Menard. Defendant, however, is clearly entitled to credit for the periods during which he was in custody between the dates of March 1 and March 7, 1963, and between the dates of November 30 and December 23, 1965.

As above stated, defendant, while confined at Vandalia as a condition of probation, was, by administrative order, transferred to the penitentiary at Menard. We assume that the transfer was effected by the Director of Public Safety under the authority of c 118, § 15, Ill Rev Stats 1965, which provides: "Whenever in the judgment of the Director of Public Safety it becomes necessary for the best interests of the administration of the Illinois State Farm, or to relieve crowded conditions therein, any person committed or sentenced thereto may be transferred by the order of the Director to any institution of the Illinois State Penitentiary system for the balance of the commitment or sentence. Any person so transferred shall not by reason of such transfer be, for any purpose, deemed a felon and shall not be classified as a felon but shall be classified as a transferee from the Illinois State Farm at Vandalia."

Although this provision was held to be valid in People ex rel. Latimer v. Randolph, 13 Ill2d 552, 150 NE2d 603, we question the propriety of the transfer of a probationer confined at Vandalia as a condition of probation.

Chapter 38, § 117–2(b)(1), Ill Rev Stats 1965, provides that a probationer, as a condition of probation may be:

17

"Imprisoned in a place of confinement *other than a penitentiary* for a period not to exceed one year and in no event to exceed the maximum penalty provided for the offense." (Emphasis ours.)

In our opinion, this incongruity is a subject which merits consideration by the Annual Judicial Conference.

For the reasons herein stated the judgment and sentence of the Circuit Court of Macon County are modified to provide that the sentence imposed on defendant be reduced to provide for confinement in the Illinois State Penitentiary for a period of not less than one year nor more than one year and one day, and subject to the condition that defendant be given credit for the periods of incarceration between the dates of March 1 and March 7, 1963, and between the dates of November 30 and December 23, 1965. As so modified, the judgment of the Circuit Court of Macon County is affirmed and the cause remanded with directions that a mittimus issue in conformance with this opinion.

Judgment modified and affirmed and cause remanded with directions.

EBERSPACHER and MORAN, JJ., concur.

SUPPLEMENTAL OPINION UPON REHEARING

PER CURIAM:

We have allowed defendant's petition for rehearing, to review his contention that we erred in holding that defendant could not be given credit for the period of incarceration commencing on March 7, 1963, and terminating with his release from Menard on September 1, 1963.

 We have considered the case of People ex rel. Gregory v. Pate, 31 Ill2d 592, 203 NE2d 425, and in view of the Supreme Court's holding that the provisions of section 119–3 of the Code of Criminal Procedure (c 38,

18

■

§ 119–3, Ill Rev Stats 1965) apply retroactively, we conclude that we erred in our prior holding, and defendant is entitled to credit for the entire period of incarceration between the dates of March 1, 1963, and September 1, 1963.

■ We have also reconsidered our prior order, wherein we reduced the sentence imposed upon defendant to not less than one year, nor more than one year and one day. Since filing the original opinion in this case, we have been given the opportunity to examine excerpts from an article prepared for publication in the Fall Issue of the University of Illinois Law Forum by Honorable James C. Craven of the Appellate Court for the Fourth District, and the writings and opinions therein discussed. We conclude that the imposition of a sentence which, in effect, makes the parole eligibility date the same as the release date is violative of the spirit and intent of the statutory provisions for indeterminate sentences.

■ If a reasonable spread is provided between the minimum and maximum sentence, the Parole and Pardon Board is in a better position to persuade a prisoner to obey institutional rules of conduct, and to participate in education and rehabilitation programs, and in the event of release prior to service of the maximum sentence, can exercise parole supervision. We conclude, therefore, that we erred in modifying the sentence in the manner set out in the original opinion, and deem it advisable to modify the sentence to not less than one year, and not more than one year and 180 days.

For the reasons herein stated, the judgment and sentence of the Circuit Court of Macon County are modified to provide that the sentence imposed on defendant be reduced to provide for confinement in the Illinois State Penitentiary for a period of not less than one year nor more than one year and 180 days, and subject to the condition that defendant be given credit for the periods of incarceration between the dates of March 1 and Sep-

tember 1, 1963, and between the dates of November 30 and December 23, 1965. As so modified, the judgment of the Circuit Court of Macon County is affirmed and the cause remanded with directions that a mittimus issue in conformance with this opinion.

Judgment modified and affirmed and cause remanded with directions.