THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLEAUDUS STAPELTON, Defendant-Appellant.

(No. 70-41; )

Third District—May 12, 1972.

John O. Vogel, of Glen Ellyn, for appellant.

Louis R. Bertani, State's Attorney, of Joliet, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The defendant Cleadus Stapelton on November 8, 1969, escaped from the Will County jail. He had been incarcerated in the jail awaiting trial on a charge of armed robbery. Within a short time after his escape the defendant voluntarily returned to Will County and surrendered himself to the law enforcement officers.

After trial by jury the defendant was found guilty of the crime of armed robbery and sentenced to a term of not less than seven nor more than twenty years in the penitentiary. He next entered a plea of guilty to the crime of escape and was sentenced to a term of not less than five nor more than ten years in the penitentiary, this sentence to be served consecutively with the previous sentence which was imposed for the crime of armed robbery.

In this appeal the defendant contends that the consecutive sentence imposed for the crime of escape is excessive and should be reduced.

██ The defendant cites the cases of *People v. Steg,* 69 Ill.App.2d 188, 215 N.E.2d 854, and *People v. Richmond,* 107 Ill.App.2d 394, 245 N.E.2d 916, as support for his contention that this court on appeal, pur-

suant to the provisions of Chapter 110A, Sec. 615(b), Illinois Revised Statutes, should reduce the sentence imposed upon him by the trial court. With this contention we do not agree, for an examination of the record clearly furnishes a basis for the different sentence imposed upon the defendant than that which was imposed upon other individuals involved in the same crime of escape. Mere discrepancy in sentences among several offenders does not in and of itself warrant the use of the reviewing court's power to reduce a criminal sentence. (*People v. Spence* (Ill.App.2d), 272 N.E.2d 739.) Accordingly we do not agree with the defendant that the sentence which he received is excessive. While the instant appeal was pending this court reversed defendant's conviction for the crime of armed robbery and remanded the case to the circuit court of Will County for a new trial. (See *People v. Stapelton* (1972), 4 Ill.App.3d 477, 281 N.E.2d 76.) As the result of this court's action in the defendant's armed robbery conviction there is no longer in existence any sentence to support a sentence to be served consecutively as was imposed upon the defendant in the instant case. Accordingly that portion of the defendant's sentence which is for a term of not less than five years nor more than ten years in the penitentiary is affirmed, but that portion which provides that the same is to be served consecutively with another sentence is hereby vacated.

Affirmed as modified.

STOUDER, P. J., and ALLOY, J., concur.