THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIE J. HUNTER, Defendant-Appellant.

(No. 12015; )

Fourth District—September 10, 1973.

John F. McNichols, Deputy Defender, of Springfield, (J. Daniel Stewart, Assistant Defender, of counsel,) for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana, (Thomas L. Knight, Assistant State's Attorney, and John W. Howard, Senior Law Student, of counsel,) for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant-appellant Willie J. Hunter was indicted for the crime of armed robbery; the case was tried to a jury, which returned a verdict of guilty. Defendant was sentenced to an indeterminate term of 6 to 15 years.

Defendant contends that his sentence should be vacated and the cause remanded for resentencing "* * * because the trial court had an inadequate informational basis to sentence the defendant" or, alternatively, the sentence should be reduced, primarily because of the disparity in the sentence with that imposed upon defendant's accomplice who received a 5 to 15 year sentence.

■■ We affirm. Defendant cites *People v. Bradford*, 1 Ill.App.3d 38, 272 N.E.2d 259, for the proposition that the trial judge is under an affirmative duty to procure sufficient information upon which to predicate his sentencing responsibility. Bradford, however, dealt with a plea of guilty, and, as we there observed, "* * * the trial judge, at the time of imposing sentence, had before him the plea of guilty and the recitation contained in the indictment together with the recommendation of the Assistant State's Attorney." Here, the case was tried before a jury, the defendant testified in his own behalf, and the complete details of the offense and defendant's participation in the crime were within the knowledge of the trial judge. This record does not entail the "factual vacuum" involved in *Bradford*. It discloses that the trial judge was possessed of sufficient information upon which to form an intelligent, rational judgment in imposing sentence.

■■ As to the disparity in the sentences imposed, defendant cites *People v. Steg*, 69 Ill.App.2d 188, 215 N.E.2d 854, and *People v. Freeman*, 49 Ill.App.2d 464, 200 N.E.2d 146. These cases are readily distinguishable. In *Freeman*, defendant's accomplices received sentences

of 1 to 3 years while Freeman was sentenced 10 to 20 years. The court stated, "We believe that the sentence should be reduced since the boys originally sentenced with defendant for the robberies received *substantially smaller sentences.*" (Emphasis added.) (49 Ill.App.2d 464, 468.) This language was quoted with approval in the *Steg* case where the sentences involved were 2 to 10 years and 5 to 20 years. The only difference between the defendant's sentence here, and that imposed on his accomplice is one year on the minimum term. The accomplice did not receive a "substantially smaller" sentence within the holdings in *Freeman* and *Steg*.

Judgment affirmed.

CRAVEN, P. J., and SMITH, J., concur.