THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARY HOUSE *et al.*, Defendants-Appellants.

(No. 12648;

Fourth District—March 20, 1975.

331

GREEN, J., concurring in part and dissenting in part.

Richard J. Wilson and John L. Swartz, both of State Appellate Defender's Office, of Springfield (Edward R. Green, Law Student, of counsel), for appellant Mary House.

James Louis Magill, of Springfield, for appellant George Dawdy.

C. Joseph Cavanagh, State's Attorney, of Springfield (Hugh H. Rowden, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendants were convicted of armed robbery. Each was sentenced to a term of not less than 8 nor more than 24 years in the Illinois State Penitentiary. The State appellate defender was appointed counsel for both defendants. This court upon motion of the State appellate defender vacated the appointment as to the defendant George Dawdy and appointed other counsel for him.

Counsel thus appointed for defendant Dawdy has filed a brief in conformity with *Anders v. California*, 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396, seeking leave to withdraw, stating that in his opinion, any possible issues that could be raised upon this appeal are without merit and the pursuit of such issues on appeal would be frivolous. The possible issues upon appeal as set out in the *Anders* brief relate to lineup procedures, evidence of other crimes received during the course of the trial, conduct of jurors, and the length of the sentence imposed. In each case, based upon the facts in the record and the cases cited in the brief, counsel

concludes that such issues are lacking in merit and could not be success-fully pursued on appeal. We agree.

■■■ Upon the filing of the *Anders* brief, we continued counsel's mo-tion to withdraw and gave the defendant Dawdy additional time in which to file additional points and authorities. Pursuant to that order he has filed a pro se brief and a motion to waive an abstract and in lieu thereof to make reference to the record. That motion is allowed. The defendant Dawdy in his brief raises some points in addition to those raised by appointed counsel. We have examined those points and the record in this case and find no merit to the additional points sought to be raised pro se by the defendant. Our review of the record persuades us that appellate counsel is correct in his conclusion that this record is free of reversible error. Accordingly, the motion to withdraw is allowed. The conviction is affirmed.

The State appellate defender as counsel for Mary House has filed a brief. The only issue presented upon her appeal is that her sentence of 8 to 24 years is excessive.

The facts in this case indicate that one Mary Yates Jones, an employee of a retail establishment in Springfield, Illinois, left the store and went to an underground parking facility where her automobile was parked. As she got off the elevator, she noticed a man and woman leaning against a rail in the area of the elevator. Mrs. Jones walked to her car, and as she was opening it the man came up behind her, informed her not to say anything, that this was a holdup, and that he wanted her money. Mrs. Jones began screaming. The man told her to stop screaming, pinned her against the car, and put his hand over her mouth. A woman, armed with a knife, then approached. Mrs. Jones stopped screaming; her purse fell to the floor; a wallet fell out of the purse. The man picked up the wallet, told Mrs. Jones to drive on and not to report the incident. The man and woman then walked away, and Mrs. Jones caused the incident to be reported to the police.

The incident in the parking garage happened on December 1, 1973. On December 11, 1973, a clerk in a department store in Taylorville waiting on a man and a woman noticed a Master Charge card in use by the man and the woman. After they had left the particular store and gone to another store, the police were called. The man and woman were arrested and various credit cards were in the possession of the defendant House, as well as other items that had been taken from Mrs. Jones. Both the defendant Dawdy and the defendant House were taken to Spring-field. Each participated in a lineup and each was positively identified by Mrs. Jones as the persons who committed the December 1, 1973, offense. Each was likewise positively identified at trial. An alibi defense

was offered by the defendants. The alibi defense was impeached and the jury returned a verdict of guilty. Each defendant was sentenced to a term of 8 to 24 years, and the record of prior antisocial or criminal behavior of each indicates a substantial difference between the defendants.

The defendant House was 19 years of age and had had one prior conviction—being a conviction for forgery. The defendant Dawdy was 28 years of age and had a substantial record of prior criminal involvement. The defendant Dawdy's prior record as indicated by the probation report and the "rap sheet" indicates he was adjudicated a delinquent in 1961, placed on probation; probation was indicated not to have been satisfactory, and he was ultimately committed to the Illinois Youth Commission in 1962. In 1964 he was convicted of forgery; he was paroled and returned as a parole violator. In 1973, he was convicted of theft under $150, of battery, and another conviction of theft under $150 and another conviction for battery. The foregoing is in addition to the instant offense. The probation report as to the defendant Dawdy recommended against probation because of the prior record.

In contrast, the defendant House had no record of criminal activity or behavior until such time as she became associated with the defendant Dawdy and that resulted in a forgery conviction in 1973 for which she was given probation. The probation report described the defendant House as a good candidate for probation.

■■ We recognize that the imposition of sentence is a matter for the trial court and that a judge of the trial court is in a superior position to evaluate the offense, the offender, and the offender's likelihood of rehabilitation.

■■■ Disparity in sentencing results when two defendants with apparent equal culpability for an offense, with like backgrounds, and like prospects for rehabilitation are given substantially different sentences. Disparity can also result when two defendants guilty of equal participation in an offense but with a substantially different background, with substantially different prospects for rehabilitation, of varying age, and an indicated variance in continuing criminal propensities, are given the same sentence. (See *People v. Steg*, 69 Ill.App.2d 188, 215 N.E.2d 854.) We are aware that the authority of this court to reduce sentence should be used with caution and circumspection. (*People v. Taylor*, 33 Ill.2d 417, 211 N.E.2d 673.) As to the defendant House, we are persuaded, however, that this is an appropriate case for a reduction of sentence. The trial court imposed a minimum sentence twice that mandated by the statute and as to this defendant, based upon this record, it is appropriate that the sentence imposed be reduced to a minimum of 4 years

and the maximum reduced to 12 years. The conviction is affirmed; the sentence is modified as indicated; and this cause is remanded to the circuit court of Sangamon County for the issuance of an amended *mittimus* reflecting the modification of sentence.

Judgment and sentence affirmed as to the defendant Dawdy. Conviction affirmed and sentence modified; cause remanded with directions as to the defendant House.

SIMKINS, P. J., concurs.

Mr. JUSTICE GREEN, concurring in part and dissenting in part:

I concur in the affirmance of the judgment and sentence as to the defendant Dawdy and the affirmance of the conviction of the defendant House.

I agree with the majority that the sentence of defendant House should be reduced for the reasons stated. In view of the nature of the .offense and the prior conviction of the defendant Dawdy and giving consideration to the determination made by the trial judge, I would reduce the sentence to a minimum of 6 years and a maximum of 18 years.