**People of the State of Illinois, Plaintiff-Appellee, v. Thomas Edward Land, Defendant-Appellant.**

Gen. No. 11,085.

Fourth District.
September 22, 1969.

Robert E. Williams, of Bloomington, for appellant.

Paul R. Welch, State's Attorney, of Bloomington, for appellee.

TRAPP, P. J.

Upon revocation of his probation, defendant was sentenced to serve not less than four years nor more than seven years upon a charge of burglary. He appeals from the sentence only.

The evidence in support of such revocation was that he had joined others in committing a subsequent burglary. He was then nineteen years of age. The excerpts from the record do not show that defendant testified during the revocation proceedings.

Defendant cites People v. Carroll, 76 Ill App2d 9, 221 NE2d 528, for the principle that an ideal sentence sufficiently punishes, adequately safeguards the public and rehabilitates the offender. This record shows that defendant had been offered rehabilitative processes since 1963 in youth camps and training schools for offenses of theft and auto theft. Granted probation for burglary in June, 1966, he resumed the practice of that art in January, 1967. Defendant cites the language of People v. Grigsby, 75 Ill App2d 184, 220 NE2d 498, as to unjust sentences. In that case the defendant was a first offender.

The record discloses that defendant is a recidivist and that he offered no evidence in mitigation. The trial court could reasonably conclude that the fourth try at rehabilitation required more than a minimal term. There is no such departure from the purpose and the spirit of the law as requires this court to alter the sentence. People v. Hicks, 35 Ill2d 390, 220 NE2d 461.

The judgment is affirmed.

Affirmed.

SMITH and CRAVEN, JJ., concur.