THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LAWRENCE JOHNSON, Defendant-Appellant.

Third District   No. 77-12

Opinion filed May 5, 1978.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

This is an appeal after a jury trial, from a conviction in the Circuit Court of Peoria County finding defendant Lawrence Johnson guilty of the offense of armed robbery committed on July 26, 1976, in violation of section 18—2(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 18—2(a)). The defendant was sentenced to not less than 6 nor more than 18 years of imprisonment.

Following the preparation of a presentence report, a sentencing hearing was conducted and the court took judicial notice of the fact that defendant's accomplice, Alfred Herron, had plead guilty to the offense of armed robbery and received a sentence of 4 to 12 years.

On appeal the defendant's sole contention is that the sentence imposed is excessive and arbitrary. No question is raised as to the sufficiency of the evidence to support the conviction, and a detailed summary of the evidence is unnecessary.

■■ Defendant contends his sentence should be reduced to 4 to 12 years because of disparity between his sentence of 6 to 18 years and the 4- to 12-year sentence his accomplice received. As a general rule, a defendant should not be punished by a heavier sentence merely because he exercises his constitutional right to receive a trial (*People v. Martin* (1970), 47 Ill. 2d 331, 339, 265 N.E.2d 685), but a mere disparity between a sentence imposed on a defendant who stands trial and another on a codefendant who pleads guilty does not of itself necessitate action by the reviewing court. The reason for the disparity is controlling.

This court observed in *People v. Stambor* (3d Dist. 1975), 33 Ill. App. 3d 324, 326, 337 N.E.2d 63, 65, that:

"[W]here there is no basis in the record of codefendants or in the

nature of their respective roles in the crime, a sentence which arbitrarily imposes a more severe punishment on one of the defendants cannot be supported. (*People v. Steg* (3d Dist. 1966), 69 Ill. App. 2d 188, 192, 215 N.E.2d 854.) It is appropriate, however, to impose different sentences on codefendants based upon important distinctions which have a basis in the record. (*People v. Prater* (4th Dist. 1973), 12 Ill. App. 3d 452, 453, 299 N.E.2d 26)."

■■ In the cause before us, the evidence indicated not only by eyewitness testimony but by the confession of the defendant that he was the one that actually used a gun in the commission of this offense. The record in the case at bar presented other important distinctions concerning participation in the crime and we believe justifies the different sentences imposed upon the defendant and his codefendant. During the robbery, Herron, who was unarmed, waited in the car some distance from the site of the offense, and he later aided the defendant's escape by driving the getaway car. The defendant armed himself with a revolver, walked to the gasoline station, pointed the gun at the 15-year-old attendant, threatened the attendant's life, and forcibly took the cash from the victim. When comparing the participation of the two defendants, it appears the nature and circumstances of the crime had apparently suggested to the trial court that the defendant Johnson should receive a more severe sentence than his accomplice Herron. It was the defendant Johnson who brandished his gun menacingly, threatening the very life of a young teenager if he did not comply and conform to his orders and his whims. With such an individual only a slim thread, an accidental move or a harmless word, separates the crime of armed robbery from that of murder. The trial court stated at the time of sentencing:

> "[T]aking into account the nature and circumstances of the offense, this being a handgun violation, and all the dangers connected with it, the Court is of the opinion that, in view of the fact that you are the one wielding the gun, that the minimum sentence would be inappropriate in this case."

As a Class 1 felony (Ill. Rev. Stat. 1975, ch. 38, par. 18—2), a conviction for armed robbery carries a minimum sentence of four years. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1(c)(2).) However, a trial court is authorized to set a higher minimum sentence where in its discretion the nature and circumstances of the offense and the history and character of the defendant require. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1(c)(2).) While this court has the power to reduce a sentence imposed by a trial court (Ill. Rev. Stat. 1975, ch. 110A, par. 615(b)(4)), we may do so only where that sentence is so manifestly improper that it constitutes an abuse of discretion. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d

882.) The appellate court should not modify a sentence simply because its judgment might have been different from that of the trial court. *People v. Smith* (1975), 28 Ill. App. 3d 908, 329 N.E.2d 896.

Given the nature and circumstances of the offense, we see no reason to reduce the carefully considered sentence imposed by the trial judge.

Affirmed.

STOUDER and SCOTT, JJ., concur.