THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RICARDO GODINEZ, Defendant-Appellant.

Third District   No. 79-872

Opinion filed March 7, 1980.

STENGEL, J., dissenting.

Robert Agostinelli and Thomas Lilien, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin and Rita F. Kennedy, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

After entering a plea of guilty of the offenses of armed robbery and aggravated kidnapping, the defendant, Ricardo Godinez, was sentenced to terms of imprisonment of 24 years for armed robbery and 10 years for aggravated kidnapping. From these convictions the defendant appeals, but he challenges only the 24-year sentence for armed robbery, claiming the trial court erred in imposing that sentence since the presentence report reveals several mitigating factors and since the sentence was grossly disparate to that imposed upon two of his co-defendants.

The permissible range for a determinate sentence for the offense of armed robbery is not less than six years nor more than 30 years. (Ill. Rev. Stat. 1977, ch. 38, pars. 18—2(b), 1005—8—1(a)(3).) In pronouncing

sentence, the trial judge found no mitigating factors to be present. (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.1.) Rejected was the defendant's contention that consumption of alcohol and drugs led to the commission of the crime since the defendant was sufficiently sober to formulate and execute a criminal plan and to form a criminal intent. Specifically found to be present were the aggravating factors of a threat of serious harm to the victims, the defendant's prior record of delinquency and criminal activity, and the sentence was necessary to deter others from committing the crime. Ill. Rev. Stat. 1977, ch. 38, par. 1005—5—3.2(a)(1), (3), (7).

It is now claimed by the defendant that the following mitigating factors were ignored by the trial court: (1) Defendant was only 19; (2) he is a very intelligent person, had obtained his G.E.D., and expressed an interest in vocational training; (3) shortly before sentencing, he married a co-defendant, Debra Huddleston; (4) the defendant stated he would reform himself in regard to his drug use; (5) he stated that at the time of the offense he was intoxicated, and (6) no actual harm to the victims had occurred. The defendant also argues that the trial court put too great a consideration on the defendant's prior record.

The defendant's juvenile record indicated that he was declared delinquent in September 1974 for reckless driving, having no valid driver's license, and possessing a stolen vehicle. In October 1974 he was committed to the Department of Corrections. Thereafter, as an adult, the defendant was convicted of burglary and theft in 1976, for which he received a sentence of imprisonment of not less than one nor more than three years, and was convicted of burglary in 1977, for which he received a sentence of not less than three nor more than 10 years. While on bond during the appeal of this 1977 conviction, the defendant committed the instant offenses.

Under certain circumstances the factors put forth by the defendant may be considered mitigating since they have some bearing on whether the character and attitudes of the defendant indicate he is unlikely to commit another crime. (See Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.1(a)(9).) However, any inference which may arise from these factors is negated by the defendant's prior criminal history. This is especially so given the ample opportunity the defendant has had to rehabilitate himself. We cannot agree with the defendant's attempts to deprecate the seriousness of his prior record.

The circumstances of the instant offenses also negate any inference that the defendant is unlikely to commit another crime. The defendant and others kidnapped a woman from a shopping center parking lot and later used the kidnapped victim's automobile in the armed robbery.

There is also evidence that the defendant resisted his apprehension by police officers.

The fact that no actual harm occurred to the victims of the armed robbery is irrelevant. The legislature has directed that, for this to be a mitigating factor, harm must also not have been threatened. (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.1(a)(1).) Nor is the defendant's marriage a significant mitigating factor.

Ordinarily, marriage might demonstrate a sense of responsibility from which a judge could infer that the character and attitudes of a defendant are such that he is unlikely to commit another crime. But since his wife is serving a 10-year sentence as a result of the conviction for the instant aggravated kidnapping, the defendant is not taking on the responsibility of supporting or providing for a family. For the same reason, it cannot be argued that the imprisonment of the defendant would entail excessive hardship to his dependent. See Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.1(a)(11).

The defendant's argument that a consideration of these factors require the imposition of a lesser sentence is without merit. Nor is the fact that his co-defendant, Ralph Trevino, received a lesser sentence a demonstration of the excessive nature of the sentence imposed upon the defendant.

Trevino received a sentence of six years for the armed robbery, while the defendant's older brother, Michael, was given a 15-year sentence for his participation in the armed robbery. The defendant admits that, in some respects, his background is similar to that of Michael, who also has a significant criminal record, but he argues that his potential for rehabilitation is equivalent to Trevino's.

■■ At Trevino's sentencing hearing it was established that Trevino had no prior criminal record. One of his high school teachers testified that, while he was a slow learner, lacked self-motivation and was easily led by others, he was, in her opinion, cooperative, responsible and open to rehabilitation. The difference in the backgrounds of Trevino and the defendant is readily apparent and clearly supports the difference in the sentences imposed. In determining whether a defendant's sentence is excessive in light of a lesser sentence imposed on a co-defendant, consideration should be given to the differences in criminal background and the degree of participation by each defendant in the crime. (*People v. Williams* (1977), 52 Ill. App. 3d 81, 367 N.E.2d 167; *People v. Steg* (1966), 69 Ill. App. 2d 188, 215 N.E.2d 854).

On the other hand, a comparison of the criminal records of Michael and the defendant evidences a great deal of similarity. Michael had prior convictions for the unlawful possession of cannabis, two burglaries, a

theft and an aggravated assault. At the time of the instant armed robbery, Michael was on parole. In addition, there is evidence that during the armed robbery it was Michael, not the defendant, who carried the gun. Often, the person wielding the gun is considered to have participated to a greater degree in the armed robbery. (See *People v. Johnson* (1978), 59 Ill. App. 3d 640, 375 N.E.2d 1027.) It is true that there is evidence indicating the defendant wielded a knife during the armed robbery, and attempted to avoid apprehension by driving the getaway car away from a Peoria police officer who had stopped it. However, these facts alone do not justify the sentencing of the defendant to nine years more in the penitentiary than his brother, who was equally, if not more, culpable. Therefore, the defendant should have received no greater sentence than that of Michael.

■■ Ordinarily, a sentence appealed from is presumed to be proper. (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—4.1.) Only where this presumption is rebutted by an affirmative showing of error will the sentence be reduced by a reviewing court. (*People v. Choate* (1979), 71 Ill. App. 3d 267, 389 N.E.2d 670.) Here, such an affirmative showing has been made, and the defendant's sentence for armed robbery must be reduced.

Accordingly, the judgment of the Circuit Court of Peoria County is affirmed in all respects except the sentence imposed on the defendant, Ricardo Godinez, for the offense of armed robbery is reduced to a determinate term of 15 years.

Affirmed as modified.

SCOTT, J., concurs.

Mr. JUSTICE STENGEL, dissenting:

In reducing defendant's sentence to a determinate term of 15 years, the majority relies, in part, on the recent Fifth District case of *People v. Choate* (1979), 71 Ill. App. 3d 267, 389 N.E.2d 670, which held that the new determinate sentencing law altered the standard of appellate review of sentences. Under the old law, sentences were to be affirmed unless the trial court had abused its discretion. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) According to *Choate*, under the new law appellate courts are authorized to reduce a defendant's sentence once he makes an affirmative showing that it is erroneous in his particular situation. (71 Ill. App. 3d 267, 274.) Because I disagree with the *Choate* decision and particularly the legislature's right to prescribe rules governing appeals, I respectfully dissent.

Since 1977, the new Unified Code of Corrections section 5—5—4.1 purports to set a standard for appellate review of sentences imposed under the Unified Code by stating, "There is a rebuttable presumption that the sentence imposed by the trial judge is proper."

We recognize several decisions have considered this legislative revision, the first being *People v. Choate*, where the court held:

"Defendant submits that once he makes an affirmative showing that the sentence imposed by the trial court is erroneous in his particular situation, then the appellate court is authorized to reduce it. We believe this interpretation to be a correct statement of the nature and effect of appellate review under section 5—5—4.1 of the new Illinois sentencing act." 71 Ill. App. 3d 267, 274, 389 N.E.2d 670, 676.

A similar issue was considered in *People v. Cox* (1979), 77 Ill. App. 3d 59, 396 N.E.2d 59, with a well-considered dissent by Justice Green, wherein he questioned the legislature's right to enact section 5—5—4.1, saying:

"[T]he precedent of *People ex rel. Stamos v. Jones* (1968), 40 Ill. 2d 62, 237 N.E.2d 495, persuades me that the legislature did not have the power to authorize us to reduce sentences to probation." 77 Ill. App. 3d 59, 75, 396 N.E.2d 59, 71.

In *Stamos*, the supreme court was considering section 121—6(b) of the Code of Criminal Procedure that prohibited bail pending appeal on convictions of forcible felonies. Although this section was being interpreted in relation to the 1870 Constitution, Mr. Justice Schaefer stated:

"[T]he constitution has placed responsibility for rules governing appeal in the Supreme Court and not in the General Assembly. Because it exceeds the authority granted to the General Assembly by the constitution, section 121—6(b) of the Code of Criminal Procedure is invalid." 40 Ill. 2d 62, 66.

A consideration of the facts of this case shows that the new "standard" is not only unnecessary, but improper. According to the evidence, Michael Godinez carried a gun during the armed robbery while defendant wielded a knife. Thus both were armed. Of prime importance is the fact that defendant was driving the getaway car when it was stopped by a Peoria police officer. Defendant frustrated the officer's attempt to remove the three men from the car by driving off at a high rate of speed, throwing the officer aside. This evidence indicates differing degrees of participation in the crime by defendant as compared to his brother and, in my view, supports the trial court's decision to impose different sentences. Using the new *Choate* standard of review, the

majority reduces defendant's sentence because it differs from that imposed on his brother even though there is evidence to support the different treatment.

In any event, I believe it would be best to delay adoption of a new standard of appellate review of sentences since the issue may soon be resolved by the Illinois Supreme Court, which recently granted leave to appeal in *People v. Meeks* (1979), 75 Ill. App. 3d 357, 393 N.E.2d 1190, a case involving the same issue.

For the foregoing reasons, I would affirm the conviction and sentence entered by the Circuit Court of Peoria County.