THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICARDO GODINEZ, Defendant-Appellant.

Third District    No. 80-583

Opinion filed December 31, 1980.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

The defendant, Ricardo Godinez, was convicted of armed robbery and aggravated kidnapping following his plea of guilty in the circuit court of Peoria County. He was sentenced to terms of imprisonment of 24 years for armed robbery and 10 years for aggravated kidnapping. On a former appeal defendant challenged the propriety of the 24-year sentence of imprisonment for the crime of armed robbery. We affirmed the judgments of conviction but modified defendant's sentence on the armed robbery conviction by reducing it to a term of 15 years consistent with the sentence imposed upon a similarly situated co-defendant, his brother, who had received a sentence of 15 years for his participation in the same armed robbery. (*People v. Godinez* (1980), 81 Ill. App. 3d 547, 401 N.E.2d 658.) On appeal to the Illinois Supreme Court the cause was remanded to this court with directions to reconsider the modification of defendant's sentence in light of the recent precedent of *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.

We based our prior opinion in this case upon the standard of section

5—5—4.1 of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—5—4.1), which created a presumption that a sentence appealed from was proper and would be affirmed unless an affirmative showing of error was made. (*People v. Choate* (1979), 71 Ill. App. 3d 267, 389 N.E.2d 670.) In *People v. Cox*, the court held that this provision of the Unified Code of Corrections was in direct conflict with, and infringed upon, the exclusive power of the supreme court to regulate matters of appellate practice and procedure. Thus, we have returned to the former standard of appellate review of sentences announced in *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882. The proper standard on review applied here is whether the trial court abused its discretion in sentencing Ricardo Godinez to a term of imprisonment of 24 years upon his conviction of armed robbery.

In deciding this issue we will not repeat the factual detail of the crime involved, which has been set forth in our earlier opinion, other than to suggest the similarity of defendant Ricardo Godinez and his co-defendant brother Michael Godinez in their criminal records, maturity, and participation in the offense charged. Co-defendant Ralph Trevino received a significantly lesser sentence (6 years for armed robbery) than either the defendant Ricardo Godinez (24 years for armed robbery) or Michael Godinez (15 years for armed robbery). The justification for Trevino's lesser sentence for his participation in the same armed robbery is clear by his lack of a prior criminal record. Both the defendant and his brother Michael had extensive past criminal records which are very similar. As aforesaid, the degree of participation of both the defendant and his brother in the instant armed robbery is also strikingly similar. Each was armed with a dangerous weapon and in our opinion both the defendant and his brother Michael were equally culpable. We have searched the record and find no differentiating factor to justify a 24-year prison sentence for the defendant and a much lesser 15-year sentence for his co-defendant brother.

■■ Similarly situated defendants should be similarly sentenced. (*People v. Steg* (1966), 69 Ill. App. 2d 188, 215 N.E.2d 854). A disparate sentence may be justified by either a greater relative participation in the offense (*People v. Johnson* (1978), 59 Ill. App. 3d 640, 375 N.E.2d 1027), or a lesser rehabilitative potential evidenced by a more serious past criminal record (*People v. Henne* (1973), 10 Ill. App. 3d 179, 293 N.E.2d 172), and relative maturity of the defendant (*People v. Walker* (1976), 44 Ill. App. 3d 494, 358 N.E.2d 642). "Disparity in sentencing results when two defendants with apparent equal culpability for an offense, with like backgrounds, and like prospects for rehabilitation are given substantially different sentences." (*People v. House* (1975), 26 Ill. App. 3d 330, 333, 325 N.E.2d 69, 71.) The 24-year sentence of the defendant and that of his

co-defendant brother, who was sentenced to only 15 years for his similar participation in the same armed robbery, are clearly disparate. No support to justify the clearly disparate sentence in this case appears in the record before us. We believe that even under the return to the abuse of discretion standard of appellate review of trial court sentencing, the present sentence of the defendant cannot stand. We find so while mindful of the rule that a court of review should exercise the power to reduce sentences with a great amount of caution because the trial court is normally in a superior position to evaluate the circumstances and to impose the appropriate sentence. We do so because in the interest of more evenhanded justice we conclude that the trial court abused its discretion in sentencing the defendant to a lengthier sentence than his co-defendant brother, who was strikingly similarly situated as to criminal culpability, actual participation and in rehabilitative potential.

Accordingly the judgment of the circuit court of Peoria County is affirmed in all respects, except the sentence imposed upon the defendant for the offense of armed robbery is reduced to a determinate term of 15 years.

Affirmed as modified.

STOUDER and SCOTT, JJ., concur.