THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
COREY R. DEWAELE, Defendant-Appellant.

Third District    No. 80-642

Opinion filed July 28, 1981.

Robert Agostinelli and Thomas Lilien, both of State Appellate Defender's Office, of Ottawa, for appellant.

James R. May, State's Attorney, of Princeton (John X. Breslin and Kenneth A. Wilhelm, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

The defendant, Corey R. DeWaele, was convicted of felony theft (a Class 2 felony) following a jury trial in Bureau County and was sentenced to a term of three years' imprisonment. The jury found him not guilty of burglary (a Class 3 felony).

On appeal he contends that the trial court abused its discretion in imposing the three year sentence for felony theft, because Lawson Grubbs, a co-defendant who pleaded guilty to burglary, was given only 30 months' probation. We disagree with the defendant's contention.

■■ Disparate sentences for co-defendants may be justified by either a greater relative participation in the offense or a lesser rehabilitative potential. (*People v. Godinez* (1980), 92 Ill. App. 3d 523, 415 N.E.2d 36, *appeal pending*, No. 54604; *People v. Martin* (1980), 81 Ill. App. 3d 238,

401 N.E.2d 13.) In the case at bar the record discloses that the defendant assumed a leadership role in the joint criminal venture with Grubbs. The defendant, a former employee at Mabry's Auto Shop, the site of the instant offenses, pulled on the doors of the shop until he found one which allowed access to the building. Once inside, he led the way from room to room selecting items to be taken. Apparently the defendant also opened the door when he and Grubbs exited the building and closed the door after Grubbs left. Later the two men loaded the stolen items into the defendant's car. The defendant drove his car to the trailer where he lived, and he and Grubbs removed the items. This evidence shows that the defendant participated in the joint criminal activity to a relatively greater extent than Grubbs.

In rebuttal the defendant argues that he cannot be said to have participated more fully in the criminal activity when the jury acquitted him of burglary, while co-defendant Grubbs was convicted of burglary by his own guilty plea. Further, the defendant contends that since the jury must not have believed all of Grubbs' statement, the State cannot now use that statement as the basis for its argument that the defendant assumed a leadership role in the criminal activity. We point out, however, that Grubbs' statement was substantiated in part by the testimony of other State witnesses and was not rebutted in any way by the defendant. We conclude, therefore that the defendant did participate in the offense to a relatively greater degree than did Grubbs.

This factor alone is sufficient to justify the disparate sentences imposed. In the case at bar, however, a second factor is relevant. That factor is the defendant's lesser rehabilitative potential which may be demonstrated by a more serious past criminal record and the relative maturity of the defendant. (*People v. Walker* (1976), 44 Ill. App. 3d 494, 358 N.E.2d 672.) While both Grubbs and the defendant had prior felony convictions—Grubbs was placed on 30 months' probation in Cook County in 1979 for unlawful delivery of a controlled substance and the defendant was convicted of burglary in Bureau County in 1974 and was sentenced to one to three years' imprisonment—the defendant's record included a long list of prison offenses which indicated a greater disregard for the law than did Grubbs' record. Furthermore, the defendant's 1974 burglary conviction involved a situation very similar to the instant offense, since it consisted of a burglary of an automobile dealership where the defendant was employed.

Although not compelling, there is some evidence of the defendant's greater maturity as compared with that of Grubbs. The defendant is married, has one child and owns the trailer in which he lives. In contrast, Grubbs lives with his parents in their trailer.

■■ While it is true that similarly situated co-defendants should be treated

similarly at sentencing (*People v. Godinez* (1980), 92 Ill. App. 3d 523, 415 N.E.2d 36, *appeal pending*, No. 54604), where a greater relative participation in the offense or a lesser rehabilitative potential is shown (*People v. Martin* (1980), 81 Ill. App. 3d 238, 401 N.E.2d 13), disparate sentences are justified. In the case at bar, we find both factors justifying disparate sentences present. Therefore, the trial judge did not abuse his discretion in sentencing the defendant to three years' imprisonment for felony theft. *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541; *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.

Parenthetically we note that the three-year sentence imposed is reasonable, since felony theft carries a possible sentence range of two to five years, and the defendants' previous burglary conviction in 1974 rendered him subject to a maximum extended term of 10 years. Ill. Rev. Stat. 1979, ch. 38, pars. 1005—8—1(a)(6), 1005—8—2(a)(5).

For the foregoing reasons, the judgment of the Circuit Court of Bureau County is affirmed.

Affirmed.

ALLOY, J., concurs.

Mr. JUSTICE HEIPLE, specially concurring:
I agree with the judgment of conviction and the result reached as to the sentence imposed. I disagree with the majority's analysis which reaches the latter conclusion.

In this cause we are again confronted with two or more defendants who arguably are similarly situated with respect to their rehabilitative potential, character, and participation in the commission of a serious felony. Therefore, defendant contends, similar sentences are required. The logic of this theory is not explained. It is misleading. It has received, I believe wrongly, approbation in our appellate courts. *People v. Martin* (1980), 81 Ill. App. 3d 238; *People v. Godinez* (1980), 92 Ill. App. 3d 523.

A trial judge presiding at a sentencing hearing must determine an appropriate punishment for a particular defendant before him. This does not include a defendant, he, or another judge, sentenced a week ago or one to be sentenced a week hence. To do this he must consider trial evidence, the presentence report, any statement the defendant chooses to make, and sift through the evidence in aggravation and mitigation. (Ill. Rev. Stat. 1979, ch. 38, pars. 1005—5—3.1 to 1005—5—3.2.) Among the factors weighed are the gravity of the offense, defendant's prior criminal history, and the stimuli motivating him to commit the crime. Other considerations include the defendant's age, general moral character, mentality, habits, environment, and his inclination or aversion to commit

crime. (*People v. Duckett* (1974), 56 Ill. 2d 432, 452-53.) The point is that the sentence imposed must be based on the unique circumstances of the individual to be sentenced in light of such factors. (*People v. Bolyard* (1975), 61 Ill. 2d 583, 589.) If this is accomplished, the sentence is proper, regardless of the sentence imposed on a co-offender.

For over 20 years the Illinois Supreme Court has steadfastly adhered to the rule that where a trial court employs appropriate factors when fixing sentence, an appellate court should not intervene to impose a different penalty. (*People v. Marose* (1957), 10 Ill. 2d 340, 343; *People v. Morgan* (1974), 59 Ill. 2d 276, 282.) The reason for this is as apparent as it is compelling. An appellate court, unlike a trial court, does not actually perceive the defendant at the various stages of a criminal trial. It views a lifeless record. The trial judge, then, has an incalculable advantage in assessing the veracity of defendant's statements, the credibility of any witness vouching for the defendant, and the latter's disposition toward his offense against society and therein our criminal justice system. Unless the sentence imposed is unreasonable, based on consideration of these sentencing determinants, is greatly at variance with the purpose of the sentencing statute, or is wholly disproportionate with respect to the nature of the crime committed, a trial court's sentence should not be disturbed.

The majority pays lip service to this rule by concluding defendant's sentence is proper by scrutinizing Grubbs' history and character and comparing them to those factors applicable to DeWaele. Such a rationale only confronts the propriety of DeWaele's individual sentence after first comparing it to the sentencing factors used to determine Grubbs' sentence. Although the majority concludes a disparity in sentencing is fundamentally fair, because the two defendants are not similarly situated, the focus on their inquiry is not on the DeWaele sentence as a fact unto itself. Since it is the independent assessment by the trial judge of those factors which contributed to the DeWaele sentence (Ill. Rev. Stat. 1979, ch. 38, par. 1005—4—1(b)), which should be the focus of our review, the majority's analysis of another defendant's character, history, and rehabilitative potential is, at best, a collateral inquiry concerning the propriety of DeWaele's sentence. *People v. Perruquet* (1977), 68 Ill. 2d 149, 154-55.

As I indicated in my opinion in *People v. Kline* (1981), 99 Ill. App. 3d 540, 560 (Heiple, J., concurring and dissenting), this doctrine of fundamental fairness is logically flawed. Also, it is equally inapplicable to the present case. No reason is offered why the lesser punishment defendant requests is a more accurate appraisal of the quality of the conduct sought to be punished. Why should leniency be the benchmark of fairness? It does not follow that because a court is more lenient that its reasoning for sentencing is correct or the result it reaches fair. Society, as well as the victim, has interests which should be reflected when a sentence is

imposed on a convicted criminal. A longer sentence is not unfair because of the length of its term if it is based on permissible sentencing factors in aggravation and mitigation. Nor does it become so based on what transpires in another criminal proceeding with respect to an adequately reasoned sentencing determination by the same or another judge. The essential inquiry is whether the trial judge had a reasoned basis for imposing the sentence. In DeWaele's case he did just that.

Presumably a trial judge's failure to render identical sentences to several similarly situated defendants violates the more severely penalized defendant's right to equal protection of the law. (See *People v. Steg* (1966), 69 Ill. App. 2d 188, 193 (Coryn, P. J., dissenting).) In this case, however, that is a false issue. Offenders, not only offenses, are the classes categorized by the sentencing statuté. Rarely, will two co-defendant's records, level of participation in the offense, and their rehabilitative potential, among other factors, be the same. In their holding, the majority acknowledges this. Assuming, *arguendo*, that two co-defendants were similarly situated, a trial judge's decision to sentence each differently does not necessarily violate equal protection principles. DeWaele's sentence was not arbitrarily imposed, but was grounded on those factors which the sentencing statute indicates are permissible in imposing a penalty. In the range of possible sentences which could have been imposed, three years' imprisonment was at the lower end. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(a)(6).) Neither was this DeWaele's first felony offense. Also, during their respective criminal proceedings DeWaele and Grubbs were both afforded identical statutory rights and constitutional guarantees. Equal protection of the law is violated where the trial judge's decision as to each defendant is not based on reason nor those factors which are germane to the statutory purposes of the sentencing statute.

Any sentence, if properly imposed, must balance conflicting interests: recognition of the rehabilitative potential of a defendant, as well as protection of society and the victim in view of the gravity of the crime. A trial judge, as a member of the community, as well as by his perception of the defendant, is in the best position to weigh these vital concerns. If he discharges this duty based on reason in light of the sentencing statute, appellate judges should defer to his decision. Second-guessing, based on prior sentencing proceedings of which a trial judge is unaware, or later proceedings which have not occurred, has no bearing on whether the punishment imposed exceeds the limits of reason as applied to the particular defendant sentenced.

In cases involving multiple co-offenders, a statutory way exists whereby a prosecutor or defense counsel can inform a sentencing judge of a sentence previously imposed on a co-offender involved in the same crime. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—4—1(b).) As to those

participants who have yet to be sentenced, perhaps a motion for a joint sentencing hearing could be appropriate. Such a device may be a very useful tool where all co-offenders plead guilty. Certainly, it would alleviate much of the unnecessary burden the majority imposes on our trial judges. It would both apprise a trial judge of all relevant information as to all co-offenders, while simultaneously being an expeditious vehicle to reduce the number of sentencing hearings.